1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ARMANDO GONZALES,

    *Petitioner,*

vs.

SHERYL FOSTER, *et al.*

    *Respondents*.

2:05-cv-01221-KJD-RJJ

ORDER

    This closed habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (#12) to vacate erroneous order pursuant to Rule 60(b) and his filing of an amended petition (#13) in the closed case.  The motion seeks to vacate the Court's May 15, 2006, order (#7) denying his first motion to reopen the case.

## *Background*

    On November 2, 2005, the Court denied petitioner's application to proceed *in forma pauperis* on the showing made because the application, while incomplete, indicated that petitioner had sufficient monthly funds to pay the $5.00 filing fee.  The order gave petitioner thirty days within which to pay the filing fee, until December 2, 2005.  The order further expressly informed petitioner: "Failure to comply will result in the dismissal of this action without prejudice." #3, at 1.   On January 13, 2006, the Court ordered that the action be dismissed without prejudice because the filing fee had not been paid within the time allowed. Final judgment dismissing the action without prejudice was entered on January 17, 2006.

1    Petitioner's first motion (#6) to reopen was dated February 1, 2006, after the expiration
2    of the time for seeking post-judgment relief under Rule 59 of the Federal Rules of Civil
3    Procedure.   The Court accordingly reviewed the motion as one arising under Rule 60.
4    Petitioner failed to demonstrate any basis for reopening the judgment of dismissal pursuant
5    to Rule 60 in the first motion.  He failed to advance any justification for failing to timely seek
6    either reconsideration of the denial of his original application to proceed *in forma pauperis* or
7    an extension of time to pay the filing fee.  He did not seek such relief either prior to the
8    expiration of the thirty day period for paying the fee or thereafter prior to entry of judgment
9    dismissing the case.  The first motion to reopen therefore was denied by an order (#7)
10   entered on May 15, 2006.

11   Petitioner filed a second motion (#9) to reopen dated May 22, 2006.   Petitioner
12   asserted, *inter alia*, that on November 13, 2005, he sent a prison "brass slip" requesting
13   payment in error to the Clerk of this Court rather than to inmate accounting.  Petitioner further
14   asserted that an inmate assistant had properly advised him to send the brass slip to inmate
15   accounting in Carson City but that he nonetheless had failed to send the payment request to
16   the correct place.  In denying the motion, the Court noted that the record did not support
17   petitioner's belated assertion – in a second motion to reopen the matter – that he mailed the
18   "brass slip" payment request to the Clerk by mistake.  The record instead did not and does
19   not reflect that anything was received by the Court between entry of the November 1, 2005,
20   compliance order and the January 13, 2006, dismissal order.  The Court concluded that in any
21   event, even assuming that petitioner's statements were true, he had failed to demonstrate
22   excusable neglect.  According to his own statements, he had been properly advised as to how
23   to respond to the order and nonetheless had failed to carry out a simple and common sense
24   instruction to send the brass slip to inmate accounting in Carson City.   The order (#10)
25   denying the second motion (#9) to reopen was entered on June 8, 2006.

26   In the present motion (#12) to vacate, petitioner's third motion seeking post-judgment
27   relief, petitioner seeks to vacate the Court's order (#7) denying his first motion to reopen, on
28   the ground that the order was erroneous.

1     The present motion (#12) is dated May 28, 2007, more than one year after the May 15,

2 2006, entry of the prior order (#7) being challenged.[1]

3                      ***Discussion***

4     At the very outset, a post-judgment order may not be vacated under Rule 60(b) on the

5 ground that the order allegedly is erroneous.  An order may be set aside under Rule 60(b)(4)

6 if it is void, but an allegedly erroneous order is not a void one for purposes of Rule 60(b)(4).

7 *See,e.g., In re Sasson*, 424 F.3d 864, 875 (9th Cir. 2005).[2]

8     The motion in any event fails to establish a basis for vacating the prior order denying

9 petitioner's first motion to reopen.

10     Petitioner now maintains – for the first time herein – that he signed an authorization

11 form for the prison to pay the fee but that the prison did not send the fee and did not notify

12 either him or the Court that it never sent the fee.  He maintains that the prison rejected the

13 authorization because there were no funds in the account but never informed him that it had

14 rejected the payment request.  Petitioner states that he attached an affidavit to this effect to

15 his present motion (#12), but no affidavit was attached with the motion or amended petition.

16     Petitioner's factual statement in support of the present motion – that he sent the

17 payment authorization to prison authorities but they rejected the authorization without

18 informing him – directly contradicts his prior statement to the Court on the second motion that

19 he instead mistakenly sent the payment authorization to the Clerk of this Court by mistake.

20 Petitioner is cautioned that the making of false statements to a court may result in possible

21 prosecution for perjury and constitutes a major prison disciplinary violation.

22 _____

23 [1]While the present motion is dated May 28, 2007, the motion was not received and filed by the Clerk

24 until June 22, 2007.  Attached with the accompanying amended petition (#13) is a receipt also dated June 22, 2007, that reflects that a law firm was paying the $5.00 filing fee on petitioner's behalf.  If, as it appears, the

25 law firm handled the filing of the motion and pleading for petitioner, he would not benefit from the prison mailbox rule applicable to filings mailed by a prisoner to a court through the prison legal mail system for filing.

26 In that event, the present motion was filed more than one year after entry of the order denying the second motion.  The issues on the present motion do not turn on this distinction, however, as the present motion

27 seeks to vacate the order (#7) denying the first motion to reopen.

28 [2]Relief under grounds (1) through (3) of Rule 60 no longer is unavailable because a motion for relief based upon those grounds must be brought within one year after the order was entered.

1    In any event, petitioner did not make any such representation to the Court on the first

2    motion to reopen.  He may not attack the prior order (#7) as erroneous or otherwise under

3    Rule 60(b) at this juncture based upon factual representations that he did not make to the

4    Court in his first motion to reopen.

5    Petitioner further maintains that the without prejudice dismissal in this matter in effect

6    operated as a with prejudice dismissal because the dismissal caused the federal one-year

7    limitation period to elapse.  He maintains that his amended petition should relate back to the

8    filing of his original petition in this matter.  However, the Court held in petitioner's habeas

9    action in No. 2:06-cv-00773-RCJ-GWF that the federal one-year limitation period expired

10   before petitioner filed the original petition in this matter.[3]  The dismissal in this matter

11   therefore did not cause petitioner's claims to be time-barred.  Accordingly, any relation back

12   of the amended petition to the date of filing of the original petition in this matter, even if

13   otherwise available or appropriate, would not make the amended petition timely.

14   Finally, petitioner urges that he was not given notice or an opportunity to respond prior

15   to the dismissal and that a habeas petitioner should not be barred from proceeding simply

16   because he has no funds.  These arguments go to the correctness of the original judgment,

17   not to the order (#7) denying the first motion to reopen.  In any event, the matter was not

18   dismissed on the basis that petitioner had no funds.  Petitioner's initial submission reflected

19   the receipt of adequate monthly funds to pay the filing fee and petitioner was given an

20   opportunity to pay the filing fee, with an express notice that failure to do so would result in

21   dismissal of the action.

22   In all events, however, again, an allegedly erroneous order is not a void one under

23   Rule 60(b)(4), and, given the holding in No. 2:06-cv-00773, an order reopening this matter

24   would be futile as it would not lead to a different outcome on petitioner's time-barred claims.

25   The amended petition will be stricken.  After final judgment has been entered, the

26   pleadings may be amended only if the judgment first is reopened under Rule 59 or 60 of the

27   _____

28   [3]See *Armando Gonzales v. Sherman Hatcher*, No. 2:06-cv-00773-RCJ-GWF, #27.

1  Federal Rules of Civil Procedure.  *See,e.g., Lindauer v. Rogers*, 91 F.3d 1355 (9th Cir. 1996).

2  The judgment in this matter has not been reopened; the amended petition therefore was

3  improperly filed; and the amended petition therefore will be stricken.

4       IT THEREFORE IS ORDERED that petitioner's motion (#12) to vacate erroneous order

5  is DENIED.

6       IT FURTHER IS ORDERED that the amended petition (#13) is STRICKEN.

7       IT FURTHER IS ORDERED that petitioner's earlier motion (#8) for appointment of

8  counsel is DENIED, as the Court does not find that the interests of justice warrant such

9  appointment in this matter.

10       IT FURTHER IS ORDERED that the Clerk of Court shall accept no further filings from

11  petitioner in this matter other than a notice of appeal and application for a certificate of

12  appealability.

13       DATED:  September 4, 2007.

14

15

16

17  _____

18       KENT J. DAWSON
         United States District Judge

19

20

21

22

23

24

25

26

27

28

-5-